IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:24-cr-172-3 |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | SENTENCING |
| JACOB ROBERT STEINIGER, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Jacob Robert Steiniger built a pope bomb at his house with two friends. Steiniger provided explosive material and a fuse for the pipe bomb. His friends detonated the pipe bomb underneath a truck. The Court should sentence him to 30 months in prison.

I.    **PROCEDURAL BACKGROUND**

Defendant pleaded guilty to making an unregistered destructive device, in violation of Title 26, United States Code, Sections 5841, 5861(f), and 5871. Presentence Investigation Report, ECF No. 98, ¶ 1 (hereinafter "PSR"). Pursuant to the parties' plea agreement, the government agrees to dismiss Counts One and Three at the time of sentencing. *Id.* ¶ 3.

There are three outstanding issues to resolve in addition to the sentence to impose: whether Defendant is entitled to a minor role reduction, the Court's consideration of unfounded child abuse, and the restitution amount. The government offers the following exhibits:

- Exhibit 1: Victim Impact Statement (Filed under seal at ECF No. 107) (2 pages)

## II.    SENTENCING CALCULATION

### A.    Statutory Maximum and Minimum Sentence

Based on Defendant's plea of guilty to Count Two, Defendant is subject to a maximum sentence of ten years in prison, a fine of up to $250,000, and up to three years of supervised release. A $100 special assessment per count also applies. PSR ¶¶ 124, 128, 132. 133.

### B.    Disputed Issues

1.    A minor-role reduction is unwarranted.

Defendant argues he is entitled to a two-level minor role reduction. Defendant is only entitled to a two-level minor role adjustment if he "was a minor participant in any criminal activity." USSG §3B1.2(b). In determining whether to apply the adjustment, the Court considers the following:

> (i) the degree to which the defendant understood the scope and structure of the organization; (ii) the degree to which the defendant participated in the planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity.

USSG §3B1.2, n.3(C). "A defendant's role in the offense is measured by the relevant conduct for which he is held responsible. Once the district court has determined the relevant conduct, each participant's actions should be compared against the other participants, and each participant's culpability should be evaluated in relation to the elements of the offense." *United States v. Pinkin*, 675 F.3d 1088, 1090 (8th Cir. 2012)

(quoting *United States v. Deans*, 590 F.3d 907, 909 (8th Cir. 2010)); *accord United States v. Sharkey*, 895 F.3d 1077, 1081 (8th Cir. 2018). Defendant bears the burden to prove he played a minor role. *United States v. Young*, 689 F.3d 941, 946 (8th Cir. 2012). For example, in *United States v. Weems*, the Eighth Circuit upheld the denial of a minor role reduction for co-defendants convicted of a hate crime conspiracy who "did not physically engage in every step of the building and burning of the cross, [but] they assisted [another co-conspirator] in the activities that led to the construction and burning of the cross." 517 F.3d 1027, 1031 (8th Cir. 2008).

Defendant is not entitled to a minor role reduction. Similar to the *Weems* case, simply because Defendant did not detonate the pipe bomb does not satisfy Defendant's burden. Defendant provided the space to construct the pipe bomb and stored it for several days. *See* PSR ¶¶ 33–34. Defendant provided the critical materials to construct the pipe bomb, namely the explosive material and fuse. *Id.* He was not a minimal participant. However, as discussed below, the government believes a downward variance is appropriate.

2.    The Court should consider unfounded allegations.

Defendant argues the Court should not consider a narrative concerning child abuse which was unfounded. *See* PSR ¶ 88. "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; USSG § 1B1.4; *see also United States v. Watts*, 519 U.S. 148, 151–52 (1997) ("Highly relevant—if not

essential to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." (alteration in original) (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)). The Court should consider this paragraph in imposing its sentence alongside the fact that the allegation was unfounded.

### 3.    K.T. is a victim.

The Court may order restitution in this case, including as a condition of supervised release. *See* 18 U.S.C. § 3663(a)(1)(A). The Crime Victim Rights Act defines a victim as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e)(2)(A); *accord* 18 U.S.C. § 3663(a)(2) (Victim and Witness Protection Act); 18 U.S.C. § 3663A(a)(2) (Mandatory Victims Restitution Act).[1] Reimbursable victim losses include "the value of the [lost or destroyed] property," "necessary medical and related professional services," and "income lost." 18 U.S.C. § 3363(b). The Court resolves restitution disputes by a preponderance of the evidence. 18 U.S.C. § 3664(e).

---

[1] In this case, the government does not contend that restitution is mandatory or that this possession of an unregistered destructive device is a crime of violence. *See* 18 U.S.C. § 16; *cf. United States v. Serafin*, 562 F.3d 1105, (10th Cir. 2009) (concluding possession of a short-barreled rifle (an unregistered firearm) was insufficient to qualify as a "crime of violence" for a conviction under 18 U.S.C. § 924(c)); *United States v. Hull*, 456 F.3d 133, 137–42 (3d Cir. 2006) (concluding possession of a pipe bomb was insufficient to qualify as a "crime of violence" for purposes of a conviction under 18 U.S.C. § 842(p), which prohibits the teaching, demonstrating, and distributing information regarding the use of a pipe bomb with the intent that the teaching or information be used for a "Federal crime of violence").

The government offers K.T.'s victim impact statement as Exhibit 1, filed under seal. ECF No. 107. No restitution requests or victim impact statements have been received from B.G., the owner of the truck. *See* PSR ¶ 42.

K.T. is unquestionably a victim of the offense. Defendant's assistance in the making of the destructive device directly caused K.T.'s injuries and K.T.'s injuries were foreseeable. *See, e.g.*, *United States v. Moore*, 178 F.3d 994, (8th Cir. 1999) (holding a bank customer was a victim of a bank robbery because he was "proximately" harmed by the offense where the defendant pointed a gun at a teller standing two feet away).

K.T. submitted a victim impact statement quantifying his restitution request as expenses he incurred for a firearm and firearms training. ECF No. 107. K.T. discusses the emotional distress associated with the offenses. K.T. also cited the psychological effects of the offense and the impacts for his daily wellbeing, education, and existing health conditions. Should K.T. submit costs which are reimbursable, the Court should impose an order of restitution for that amount.

### C.   Sentencing Guidelines Calculation

The parties agree the PSR correctly calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| USSG §2K2.1(a)(4)(B) (base) | 20 |
| USSG §2K2.1(b)(3)(B) (destructive device) | +2 |
| USSG §2K2.1(b)(6)(B) (connection with felony) | +4 |
| USSG §3E1.1 (acceptance of responsibility) | –3 |
| Total Offense Level | 23 |
| Criminal History Category | I (0) |
| Guideline Sentencing Range | 46–57 months |

## III.   SENTENCING FACTORS, GOVERNMENT'S RECOMMENDATION, AND REQUEST FOR A DOWNWARD VARIANCE

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

The government recommends a 30-month guideline sentence of imprisonment, followed by a three-year term of supervised release.

As part of the instant offense, Defendant and his two co-defendant friends built a pipe bomb at Defendant's house over several days. The co-defendants detonated the pipe bomb they built underneath a truck on a residential street around 5:50 am. *Id.* ¶ 130. A neighbor's security camera captured a distance view of the explosion, as pictured below. *Id.* Other neighbors heard the explosion. *Id.* ¶¶ 12, 13.



The owner of the truck, B.G., was a former roommate of co-defendant Timothy Hellmers. PSR ¶ 17. B.G. showed officers messages from a phone he had that used to belong to Timothy, which contained explicit messages about the plans to place a bomb underneath B.G.'s truck, including messages from Timothy saying "We prepping the bomb to hit [B.G.']s truck rn I'm blowing is shit to smitherines," "Testing boom tube's we got this 3/4 lbs and a half lbs one we bout to test it now," and "The blue truck bout to go byebye." *Id.* ¶ 19. Cell-site data for Timothy Hellmers and Daniel Hellmer's phones showed they were at Defendant's residence before and after they detonated the pipe bomb. *Id.* ¶ 20. Defendant did not take part in detonating the pipe bomb, but also did not stop or dissuade his friends from carrying out their plan. *Id.* ¶ 35. Still, the four-level enhancement, paired with the base offense level and two-level upward adjustment for the nature of the device and its use, overstates the seriousness of Defendant's conduct, and the government believes a downward variance below the guideline range is appropriate.

Defendant contributed critical materials for the improvised pipe bomb, which posed a significant danger. The black powder and fuse were of an unknown age and uncertain quality. *See* PSR ¶ 34. The explosive material and fuse were placed inside a galvanized steel pipe which contained the explosive material and threw steel pieces at high velocity when it detonated. *See id.* ¶¶ 15, 39; *see also* Dana Bors, Josh Cummins, & John Goodpaster, *The Anatomy of a Pipe Bomb Explosion: Measuring the Mass and Velocity Distributions of Container Fragments*, 59 J. Forensic Sci. 42

(Jan. 2014) (concluding pipe bombs made with steel pipes produce high velocity fragments of large relative mass when detonated).

Unlike his co-defendants, Defendant has limited criminal history and no felony convictions. Defendant's mother reports he enjoys "taking things apart and putting them back together again," which is concerning in light of the instant offense and Defendant's pattern of arrests. PSR ¶ 77. At age 15, Defendant set fire to an office after he set off fireworks. *Id.* ¶ 65. This charge was dismissed. *Id.* At age 19, Defendant was in a car with five other individuals, who admitted they intended to break into cars. *Id.* ¶ 66. This charge was dismissed. *Id.*

Defendant has had little stability in his life. He has a sporadic employment history. PSR ¶¶ 112–16. Defendant had his first child at a young age. PSR ¶ 86(a). Neither of Defendant's two children reside with him or their mother. *Id.* ¶¶ 86–88. Defendant has used marijuana and methamphetamine daily for approximately a decade. *Id.* ¶¶ 97, 99. Defendant had the opportunity to participate in extended outpatient treatment in 2021 but was discharged because of non-compliance. *Id.* ¶ 105. While on pretrial supervision, Defendant successfully completed extended outpatient treatment. *Id.* ¶ 106. Defendant's drug use has actively prevented him from developing a closer relationship with his children. *Id.* ¶ 78. Defendant was using methamphetamine during at least part of the time he was involved in constructing and housing the pipe bomb. *Id.* ¶ 36.

A jail sentence is warranted in this case. Without Defendant's involvement, this offense would not have been possible. He provided a place and critical materials for the pipe bomb to be built. Defendant's two co-defendants each received a 70-month sentence. ECF Nos. 110, 112. The government believes 30-month sentence would be sufficient but not greater than necessary to accomplish the goals of sentencing.

WHEREFORE, the government requests the Court consider this sentencing memorandum in determining the final sentence of Defendant.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By:   */s/ MacKenzie Tubbs*
MacKenzie Benson Tubbs
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, IA 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: mackenzie.benson.tubbs@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on June 27, 2025, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:
____U.S. Mail ____ Fax ____Hand Delivery
__X__ECF/Electronic filing  ____Other means
ASSISTANT UNITED STATES ATTORNEY
By: */s/ MacKenzie Tubbs*